28 497
1ap 8
28 497
40ap558

FERDINAND GUTBRECHT, APPELLANT, *v.* THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY, RESPONDENT.

*Notice of appeal — subscription of, by appellant or his attorney — amendment of — Code of Civil Procedure, secs. 3046, 3049.*

Prior to the amendment of section 3046 of the Code of Civil Procedure, in 1882, it was not necsssary that a notice of appeal should be actually subscribed by the appellant or his attorney; it was sufficient if the name of the appellant's attorney, with his business address, were indorsed upon the back of the notice.

An omission to subscribe a notice of appeal may be cured by amendment under section 3049 of the Code of Civil Procedure.

Any act on the part of the appellant which constitutes a step in the proceeding to appeal, and which evinces his intention in good faith to perfect and prosecute his appeal, is a sufficient ground for an amendment under the said section.

APPEAL from an order of the County Court of Kings county, dismissing an appeal from a Justice's Court, and denying a motion for leave to amend the notice of appeal.

This action was brought in a Justice's Court in Brooklyn. It was tried and judgment given for the defendant, and in due time plaintiff took an appeal from the judgment. In so doing his pro-

ceedings were as usual, and regular, except that the notice of appeal was not subscribed by any person. It was, however, indorsed "Notice of Appeal. C. J. Patterson, Plaintiff's Attorney, 346 Fulton Street, Brooklyn."

The defendant moved in the County Court to dismiss the appeal for want of a subscription to the notice, and plaintiff moved for leave to amend the notice (if necessary). The court held that it had no power to permit the amendment, and granted the defendant's motion, and from this decision the appeal is taken.

*Charles J. Patterson*, for the appellant.

*John H. Bergen*, for the respondent.

GILBERT, J.:

The notice of appeal in this case was not subscribed either by the appellant or by his attorney, but it was indorsed on the back with the name of the plaintiff's attorney and his business address. As the law then stood, all that was required to perfect an appeal was the service of a written notice of appeal. In *Burrows* v. *Norton* (2 Hun, 550), it was held that such a notice of appeal as was given in this case was sufficient.

In July, 1882, section 3046 of the Code of Civil Procedure was so amended, as to require an actual subscription of the notice of appeal. This amendment, however, does not affect any proceeding had prior thereto.

But assuming that the notice of appeal was insufficient, it was not an absolute nullity. It could be amended by virtue of section 3049 of the Code of Civil Procedure. (*Burrows* v. *Norton, supra.*) That section authorizes the appellate court to allow an amendment to be made upon such terms as justice requires, where the appellant has omitted to do any act necessary to perfect the appeal. This language is very comprehensive and was intended to prevent all injury to appellants, arising from mere technical variances or omissions. Any act on the part of the appellant which constitutes a step in the proceeding to appeal, and which evinces his intention in good faith to perfect and prosecute his appeal, is a sufficient ground for an amendment. (*Sherman* v. *Wells*, 14 How., 522 ; *Jackson* v. *Fassitt*, 33 Barb., 645 ; *Burrows* v. *Norton, supra.*)

We think, therefore, that the court below erred in disallowing the proposed amendment in this case, and that the order appealed from should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order dismissing appeal and refusing amendment reversed, with costs and disbursements and amendment allowed.